UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

Jason D. Misleh,

                                 Case Number: 15-41721

      Debtor.                  Chapter 13

                                   Honorable Mark A. Randon

_____/

**OPINION AND ORDER
OVERRULING DEBTOR'S OBJECTION TO CLAIM**

## I.    INTRODUCTION

Before filing Chapter 13 Bankruptcy, Jason Misleh ("Misleh") sued FirstMerit

Bank ("the Bank") for failing to properly credit his mortgage payments. Misleh sought to

stop the Bank's pending foreclosure of his home and recover money damages.

After the court rejected his request for preliminary injunctive relief, Misleh and the

Bank began settlement negotiations. The Bank claimed to have spent more than

$25,000.00 in attorney fees but agreed to accept $17,000.00 in installments as part of a

global settlement, which included dismissal of the case. Misleh gave the Bank a consent

judgment for the full amount of attorney fees, to be entered if the payments were not

made. When Misleh did not pay, the consent judgment was entered. Five days later, he

filed bankruptcy.

The Bank filed a $169,998.97 secured claim in Misleh's bankruptcy case. The

1

claim includes the $25,000.00 in attorney fees plus interest.[1]  Misleh objects.  He says the

attorney-fee consent judgment must be treated as a separate unsecured claim and

challenges the reasonableness of the Bank's attorney fees.  The Court heard argument on

July 8, 2015.

Because Michigan law permits the addition of reasonable attorney fees to a debt

secured by a mortgage, the Court **OVERRULES** Misleh's objection.  The reasonableness

of the Bank's attorney fees will be decided after an evidentiary hearing.

## II.    STATEMENT OF FACTS

In 2012, Misleh obtained a $144,530.00 loan from Citizens Bank to purchase his

home.  Misleh signed a promissory note and a mortgage in favor of Citizens Bank to

secure its interest in the property ("the mortgage loan").  The Bank is the successor-in-

interest to Citizens Bank and obtained Citizens' rights under the mortgage loan.

Misleh fell behind on his mortgage payments in 2014, and the Bank instituted

foreclosure proceedings.  To stop the foreclosure sale, Misleh filed a nine-count

Complaint against the Bank in Wayne County Circuit Court.  Misleh's Complaint

included allegations that the Bank: failed to properly credit payments to his account and

provide certain loan information upon his written request in violation of the Real Estate

Settlement Procedures Act; made misrepresentations about collection of the loan in

violation of the Michigan Regulation of Collections Practices Act; and provided false

---

[1]The amount is $28,280.00 as of the petition date.

information about his account to credit agencies in violation of the Fair Credit Reporting Act. Misleh immediately moved for an order to show cause and for a preliminary injunction, and the court issued an interim temporary restraining order ("TRO"). After a hearing, the court vacated its TRO and denied Misleh's request for preliminary relief. The parties then discussed settlement.

Misleh agreed to pay the Bank $17,000.00 for its attorney fees and dismiss his case. He also promised to make regular installment payments and signed a consent judgment for $25,000.00 plus statutory interest, in the event the fees were not paid. Misleh reneged, the Bank entered the consent judgment, and he filed Chapter 13 bankruptcy five days later.

The Bank filed Claim #4–a secured claim in the amount of $169,998.97–in Misleh's bankruptcy. The Bank lists Misleh's arrearage as $34,074.05. This amount includes the unpaid attorney fees from the consent judgment. The Bank relies, in part, on the language in Section 9 of the mortgage to support its claim that the fees may be added to its secured claim. Section 9 reads:

> If (a) Borrower fails to perform the covenants and agreements contained in the Security Instrument, (b) *there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under the Security Instrument . . .* then Lender may do and pay for whatever is reasonable and appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . Lender's actions can include, but are not limited to: . . . (c) *paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument . . . Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.*

3

(Emphasis added).

Misleh objects to the Bank's claim. He says the consent judgment is not secured by the mortgage; the attorney fees are a separate unsecured claim; and, therefore, the Bank's secured claim is $141,355.21 and his arrearage is only $5,431.29. The Court disagrees.

## III.    LEGAL ANALYSIS

Michigan law governs whether Section 9 of the mortgage is enforceable against Misleh. See *In re Bain*, 527 F.2d 681, 685 (6th Cir. 1975) (the validity of a mortgage provision that provides for the recovery of attorney fees is generally a matter of state law). In Michigan, an agreement by a mortgagor to pay a *stipulated* attorney fee on default and foreclosure is contrary to public policy and invalid. *Curtis v. Mueller*, 150 N.W. 847, 848 (Mich. 1915). However, a mortgage provision that allows a mortgagee to add attorney fees to the secured debt owed is permissible if the fees are reasonable compensation for services actually rendered. *Security Trust Co. v. Solomon*, 216 N.W. 405 (Mich. 1927); *In re Marino*, 23 B.R. 321, 322 (Bankr. W.D. Mich. 1982) (holding Michigan law gives effect to clauses in mortgage agreements providing for reasonable attorney fees). Whether the fees are reasonable is a matter for the Court to decide. *In re Friedel*, 324 B.R 138, 146-47 (Bankr. M.D. Ala. 2004).

The provision in the Bank's mortgage that allows the addition of reasonable attorney fees is valid. Section 9 of the mortgage permits the Bank to take any reasonable and appropriate actions to protect its interest in Misleh's home, including paying

4

reasonable attorney fees and adding them to Misleh's outstanding debt. Misleh's state court action qualifies as a "legal proceeding that *might* significantly affect the Bank's interest" under Section 9(b) of the mortgage: he sought injunctive relief to stop the Bank's foreclosure of his home, which, if successful, would have denied the Bank's primary mortgage-default remedy. Therefore, any reasonable attorney fees spent in defending the lawsuit were properly added to Misleh's debt secured by the mortgage. *See In re Wellborn*, 80 F. Supp. 552, 554 (D.C. Tenn 1948) (finding attorney fees incurred by creditor attached to the indebtedness because provision in deed and trust for attorney fees entitled creditor to take any necessary steps to protect its interest).

Misleh's argument that the consent judgment was not an obligation secured by the mortgage is unavailing. The settlement agreement incorporates the consent judgment. Paragraph 6 of the settlement agreement underscores the continued applicability of the mortgage provisions: "[a]ll terms and conditions of the Note, the Mortgage and the related Mortgage Loan documents shall remain in full force and effect and Misleh shall continue to be liable for all Mortgage Loan payments and obligations." As such, the Bank's remedy to add its reasonable attorney fees to Misleh's secured debt remained an option under Section 9 of the mortgage–notwithstanding the consent judgment.

*In re Schafer's Bakeries*, 155 F. Supp. 902, 909 (E.D. Mich. 1957) is instructive. There, the debtors signed pledges and mortgages in favor of a creditor to secure a new building loan. Each of the mortgages contained provisions for payment of attorney fees and expenses in the event of (1) foreclosure, (2) creditor's intervention in any suit or

5

proceeding filed by debtors, or (3) legal advice related to its security instrument. The mortgages stated that any paid attorney fees created an additional charge and lien under the mortgage. *Id.* at 905. The debtors filed bankruptcy, and the creditor filed actions in the bankruptcy proceeding, including a motion to lift the stay to foreclose on the property, incurring a total of $10,000.00 in attorney fees. *Id.* at 906. Applying Michigan law, the court held that the attorney fees "became a part of the original debt secured by valid liens" established before the bankruptcy was filed. *Id.* at 909. The same result is required here: if reasonable, the attorney fees are recoverable as an addition to the debt secured by the mortgage.

### A. *Reasonableness of the attorney fees*

The Bank's contention that it spent $25,000.00 in attorney fees is not determinative as to whether the fees are reasonable. This is true, even though Misleh agreed to pay the fees, because automatically accepting a mortgagee's determination of reasonable attorney fees would leave debtors "without protection against unscrupulous creditors." *In re Schafer's Bakeries*, 155 F. Supp. at 909. This Court is tasked with determining the reasonableness of the attorney fee and will do so after an evidentiary hearing.

## IV. CONCLUSION

The Bank may add its reasonable attorneys fees to Misleh's secured debt. Misleh's objection to the claim is **OVERRULED**. An evidentiary hearing on the

reasonableness of the attorney fees is scheduled for July 30, 2015 at 10:00 a.m.

**IT IS ORDERED.**

.

Signed on July 21, 2015

            /s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge